**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WRIST SP BIOTECH, LLC, | |
| Plaintiff, | Civil Action No. 6:23-cv-00633 |
| v. | |
| ZEPP HEALTH CORPORATION, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Wrist SP Biotech, LLC f/k/a Wristdocs, LLC ("Wrist" or "Plaintiff"), files this Original Complaint for Patent Infringement against Zepp Health Corporation ("Zepp" or "Defendant"), and would respectfully show the Court as follows:

## INTRODUCTION

1. This is a patent infringement lawsuit involving United States Patent No. 9,392,970 titled "Biotelemetry system" and issued on July 19th, 2016 ("The '970 patent").

## PARTIES

2. Plaintiff is a Delaware corporation having an address located at 11718 Bowman Green Drive, Reston, VA 20190.

3. On information and belief, Defendant is a Chinese corporation with a principal place of business located at Huami Global Innovation Center Building B2, Zhong'an Chuanggu Technology Park No. 900 Wangjiang West Road Hefei, 230088. Its American corporate address is 1551 McCarthy Blvd., Suite 107, Milpitas, California 95035.

1

4.      Defendant directly and/or indirectly develops, designs, manufactures, distributes, markets, offers to sell and/or sells infringing products and services in the United States, including in the Western District of Texas, and otherwise directs infringing activities to this District in connection with its products and services.

## JURISDICTION AND VENUE

5.      This civil action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285 based on Defendant's unauthorized commercial manufacture, use, importation, offer for sale, and sale of the Accused Products in the United States. This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

6.      Plaintiff's causes of action arise, at least in part, from Defendant's contacts with and activities in this District and the State of Texas.

7.      Defendant has committed acts of infringing the patent-in-suit within this District and the State of Texas by making, using, selling, offering for sale, and/or importing in or into this District and elsewhere in the State of Texas, products claimed by the patent-in-suit, including without limitation products made by practicing the claimed methods of the patent-in-suit. Defendant, directly and through intermediaries, makes, uses, sells, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing products into this District and the State of Texas. Defendant regularly conducts and solicits business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from goods and services provided to residents of this District and the State of Texas.

8.      This Court has personal jurisdiction over Defendant pursuant to TEX. CIV. PRAC. & REM. CODE § 17.041 *et seq.* Personal jurisdiction exists over Defendant because Defendant

has minimum contacts with this forum as a result of business regularly conducted within the State of Texas and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Texas and this District.  This Court has personal jurisdiction over Defendant, in part, because Defendant does continuous and systematic business in this District, including by providing infringing products and services to the residents of the Western District of Texas that Defendant knew would be used within this District, and by soliciting business from the residents of the Western District of Texas.[1]  Accordingly, this Court's jurisdiction over the Defendant comports with the constitutional standards of fair play and substantial justice and arises directly from the Defendant's purposeful minimum contacts with the State of Texas.

9.      This Court also has personal jurisdiction over Defendant, because in addition to Defendant's own online website and advertising within this District, Defendant has also made its products available within this judicial district and sold services within this District.

10.      The amount in controversy exceeds $75,000 exclusive of interests and costs.

11.      Venue is proper in this Court under 28 U.S.C. § 1391 (c)(3) and 28 U.S.C. § 1400(b)  based on information set forth herein, which is hereby repeated and incorporated by reference. For purposes of venue regarding cases against foreign corporations, general federal statutes are applicable. This Court is a proper venue for a case against Defendant, a foreign corporation, in any judicial district in any state to which it is subject to personal jurisdiction. *See Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.,* 406 U.S. 706, 92 S. Ct. 1936, 32 L. Ed. 2d 428 (1972); *See also TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 137 S.

---

[1] Defendant's infringing products are offered for sale and marketed to residents of this district for example at: https://www.amazon.com/Amazfit-Fitness-Tracker-Monitoring-Resistant/dp/B09Z6CRHJ6/ref=sr_1_1_sspa

Ct. 1514, 197 L. Ed. 2d 816 (2017) (Declining to expand limitation of venue statutes related to domestic corporations to foreign corporations).

12.　Service can be made on Defendant pursuant to Tex. Civ. Prac. & Rem. Code § 17.044 (b) through substituted service of process on the Texas Secretary of State because Defendant engages in business in this state, but does not maintain a regular place of business or a designated agent for service of process. Substituted service to the Texas Secretary of State can be made at: Service of Process Secretary of State P.O. Box 12079 Austin, Texas 78711-2079.

## THE PATENT-IN-SUIT

13.　The '970 Patent claims patent-eligible subject matter and is valid and enforceable. Wrist is the exclusive owner by assignment of all rights, title, and interest in the '970 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '970 Patent. Defendant is not licensed to the '970 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '970 patent whatsoever. A true and correct copy of the '970 Patent is attached hereto as **Exhibit A**.

14.　The '970 Patent is referred to herein as the "patent-in-suit."

15.　Plaintiff Wrist is the owner of the entire right, title, and interest in and to the patent-in-suit. The patent-in-suit are presumed valid under 35 U.S.C. § 282.

## ACCUSED INSTRUMENTALITIES

16.　The term "Accused Instrumentalities" or "Accused Products" refers to, by way of example and without limitation, Zepp's Amazfit Band 7. *See*

https://www.amazfit.com/products/amazfit-band-7

4

## COUNT I

### PATENT INFRINGEMENT OF THE '970 PATENT

17.     Plaintiff restates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

18.     Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '970 Patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products.

19.     Defendant also indirectly infringes the '970 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b). Defendant has knowingly and intentionally actively aided, abetted and induced others to directly infringe at least one claim of the '970 patent (such as its customers in this District and throughout the United States). Defendant continues to induce infringement of the '970 patent. Defendant has contributorily infringed and is a contributory infringer because, with knowledge of the '970 patent, it supplies a material part of an infringing method and/or system, where the material part is not a staple article of commerce, and is incapable of substantial noninfringing use. Defendant contributes to its customers' infringement because, with knowledge of the '970 patent, Defendant supplies the technology that allows its customers to infringe the patent.

20.     On information and belief, Defendant has made no attempt to design around the claims of the '970 Patent.

21.     On information and belief, Defendant did not have a reasonable basis for believing that the claims of the '970 Patent were invalid.

22.    On information and belief, Defendant's Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

23.    Wrist has been damaged as the result of Defendant's infringement.

24.    The claim charts attached hereto as **Exhibit B** describes how the elements of an exemplary claim 1 from the '970 Patent are infringed by the Accused Products. This provides details regarding only one example of Defendant's infringement, and only as to a single patent claim. Plaintiff reserves its right to amend and fully provide its infringement arguments and evidence thereof until its Preliminary and Final Infringement Contentions are later produced according to the court's scheduling order in this case.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Wrist respectfully requests the following relief:

A.    A judgment that Defendant has directly infringed either literally and/or under the doctrine of equivalents and continue to directly infringe the patent-in-suit;

B.    A judgment that Defendant has induced infringement and continues to induce infringement of the patent-in-suit;

C.    A judgment that Defendant has contributorily infringed and continues to contributorily infringe the patent-in-suit;

D.    A judgment and order requiring Defendant to pay Plaintiff damages under 35 U.S.C. § 284 including past damages based on, *inter alia*, any necessary compliance with 35 U.S.C. §287, and supplemental damages for any continuing post-verdict infringement through entry of the final judgment with an accounting as needed;

E.    A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and Plaintiff is therefore entitled to reasonable attorneys' fees;

F.    A judgment and order requiring Defendant to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded;

G.    A judgment and order awarding a compulsory ongoing royalty;

H.    A judgment and order awarding Plaintiff costs associated with bringing this action; and

I.    Such other and further relief as the Court deems just and equitable.

## JURY TRIAL DEMANDED

Pursuant to FED. R. CIV. P. 38, Plaintiff Wrist hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

**Ramey LLP**

*/s/ William P. Ramey, III*
William P. Ramey, III
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

***Attorney for Wrist SP Biotech, LLC***

7